## In Re INVESTORS FUNDING CORPORATION OF NEW YORK SECURITIES LITIGATION.

Robert MORSE and Claire S. Morse, Individually and as Trustees, Plaintiffs,

v.

PEAT, MARWICK, MITCHELL & CO., et al., Defendants.

Rachel L. ROTHCHILD, Plaintiff,

v.

Jerome DANSKER, et al., Defendants.

Morris KATZ, et al., Plaintiffs,

v.

Jerome DANSKER, et al., Defendants.

Dr. Bernard METRICK and Bernard Metrick, as custodian for Zachary Metrick, Plaintiff,

v.

Jerome DANSKER, et al., Defendants.

David HABER and Ruth Haber, Plaintiffs,

v.

Jerome DANSKER, et al., Defendants.

No. M–21–20.
MDL No. 290(WCC).
Nos. 75 Civ. 3681(WCC), 77 Civ. 616(WCC), 76 Civ. 4721(WCC), 78 Civ. 268(WCC) and 78 Civ. 532(WCC).

United States District Court,
S.D. New York.

May 11, 1983.

**ORDER**

CONNER, District Judge:

On May 6, 1983, after notice and a hearing, the Court approved sixteen separate settlements in these class actions, having an aggregate value of approximately $772,-000.[1] These actions are currently before the Court on the application of plaintiffs' counsel [2] for attorney's fees in the amount of $225,000, plus expenses and disbursements totalling $45,180.61. After reviewing the affidavits submitted by counsel, and taking account of the complex nature of this litigation, the Court has determined to award fees and expenses in the amounts requested.

■ The starting point for measuring an award of attorney's fees is the amount of time spent in the prosecution of the action and the hourly rates normally charged therefor. The product of multiplying the number of hours by the hourly rate constitutes a base or "lodestar" figure which is then adjusted in accordance with "less objective factors." *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 471 (2d Cir.1974); *City of Detroit v. Grinnell Corp.,* 560 F.2d 1093, 1098 (2d Cir.1977). Among the latter factors the Court will consider are "the magnitude and complexity of the litigation, the amount recovered and litigation risks." *FLM Collision Parts, Inc. v. Ford Motor Co.,* 411 F.Supp. 627, 632 (S.D.N.Y.), *aff'd in part and rev'd in part on other grounds,* 543 F.2d 1019 (2d Cir.1976), *cert. denied,* 429 U.S. 1097, 97 S.Ct. 1116, 51 L.Ed.2d 545; *see also Williams v. Schatz Mfg. Co.,* 449 F.Supp. 147 (S.D.N.Y.1977).

■ Plaintiffs' counsel have submitted to the Court comprehensive affidavits which

1. No objections were raised either to the terms of the settlements or to counsel's request for fees.

2. Plaintiffs' counsel are: Milberg Weiss Bershad Specthrie & Lerach, Esqs., Lawrence G. Soicher, Esq., Wolf Haldenstein Adler Freeman & Herz, Esqs., Crystal & Driscoll, P.C., Pincus Ohrenstein Bizar D'Allesandro & Solomon, Esqs., and Abraham Glickman, Esq.

detail the charges of $186,673 for 1,749.55 hours of work. This represents an average hourly rate of approximately $106, reflecting in part the commendable use of paralegals and associates where appropriate. Plaintiffs' counsel's request for a fee award of $225,000 represents a multiple of 1.21 times the normal hourly charges and comprises slightly less than 30% of the present settlements. In view of the facts that:

(1) these actions are manifestly complex, requiring counsel to handle the many organizational and strategic problems inherent in a multidistrict litigation of this size,

(2) counsel have coordinated their efforts to avoid duplicative charges,

(3) counsel have been employed on contingency bases and have assumed substantial risks attendant to the prosecution of plaintiffs' claims, including the uncertainty that those claims would be successful,

(4) the Court views the settlements approved May 6 to be favorable recoveries for the class members under all the circumstances existing at this time, and

(5) when viewed in conjunction with the settlements approved and the fees awarded previously by this Court on March 17, 1981, counsel have received and requested $1,115,-000 in fees, which comprise only 12.25% of the total $9,102,000 value of all the settlements in these actions, well within the range of reasonable fee awards in cases such as these,

the Court concludes that counsel are entitled to the modest requested increase over the "lodestar" figure.

Counsel have also applied for reimbursement of expenses and disbursements in the amount of $45,180.61. Of this amount, greater than $31,000 is attributable to costs incurred in printing and mailing notice of the settlements to the class members. The Court finds the expenses reasonable and adequately documented by the affidavit of plaintiffs' counsel.

Accordingly, plaintiffs' counsel are hereby awarded fees in the amount of $225,000 and reimbursement for disbursements and expenses of $45,180.61, such sums to be paid from the funds received pursuant to the settlements approved by the Court on May 6, 1983.

SO ORDERED.